IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND NESBITT (M-00998),            )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )   Case No. 09 C 5299
                                       )
SUPERINTENDENT VILLANUEVA, et al.      )   Judge Suzanne B. Conlon
                                       )
        Defendants.                    )

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Nesbitt (M-00998), an inmate incarcerated at Stateville Correctional Center, filed this 42 U.S.C. § 1983 complaint against four Cook County Jail Officers. Plaintiff asserts that on August 31, 2007, while he was at the Cook County Jail, officers either used excessive force or refused to intervene, resulting in Plaintiff being hit on the head. The Defendants have filed a motion for summary judgment, in which they contend that Plaintiff failed to exhaust administrative remedies and that he failed to establish excessive use of force or deliberate indifference to medical needs. After the court granted Plaintiff several extensions of time, he filed his response on November 8, 2010, and the Defendants have filed a reply. Review of the pleadings and evidence reveals that Plaintiff did not exhaust administrative remedies and that the Defendants are entitled to summary judgment.

### I.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in the light

most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

If the moving party meets its burden, the nonmoving party has the burden "to go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the existence of an "alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596 (7th Cir. 2000).

With respect to whether an inmate exhausted administrative remedies, the court, and not a jury, must resolve factual issues. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). In most cases, the exhaustion issue is decided before the merits of the underlying claims are addressed. *Id.*

When addressing summary judgment motions, the court derives the background facts from the parties' Local Rule 56.1 statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Because Plaintiff is proceeding *pro se*, the Defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. *See* R. 38. The notice explains the consequences of failing to properly respond to a motion for summary judgment and

to the statements of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1. A litigant's failure to respond to Local Rule 56.1 statements results in the court considering uncontroverted statements as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The court may also disregard responses that do not properly cite to the record or that offer only evasive denials. *Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

In the present case, the Defendants filed their Rule 56.1 statements (R. 35) and provided notice to Plaintiff of his need to respond. R. 38. Plaintiff's response to the Defendants' Rule 56.1 statements addresses only some of their statements. *See* R. 48. The court may thus consider the Defendants' unanswered statements, which are supported by the record, to be true.

## II. FACTS

On August 31, 2007, while Plaintiff was a pretrial detainee at the Cook County Jail, a fight broke out between inmates and officers during a clothing exchange. R. 35, Defs. Rule 56.1 Statement, ¶¶ 1,3. Plaintiff was hit on the head, which resulted in a knot and some swelling. *Id.*, ¶ 20. Plaintiff states that he did not request medical attention immediately after the incident because he feared more abuse. R. 48, Pl. Rule 56.1 Statement, ¶ 18.

From 2007 to 2009, the Cook County Jail had an established grievance system. R. 35, Defs' Rule 56.1 Statement, ¶ 22. Between 2006 and 2008, Plaintiff filled out at least 24 grievances. *Id.*, ¶ 24. Although Defendants contend that Plaintiff filed no grievances about the August 31, 2007, incident, (*id.*, ¶ 25.), Plaintiff states that he filed two grievances. R. 48, Pl. Rule 56.1 Statement, ¶ 25; R. 35-2, Pl. Depo., 58-62. In his deposition, Plaintiff stated that he filed a grievance some time after the incident, but heard nothing in response. He indicated that the grievance may have been lost. R. 35-2,

Pl. Depo., 60, 62. He also testified about filing another grievance about a year after the August 31, 2007, incident. *Id.*, 58, 61-62. In response to the Defendants' Rule 56.1 Statement, Plaintiff explains that he waited a year because he feared "retaliation from staff." R. 48, Pl's Rule 56.1 Statement, ¶ 25. Plaintiff includes with his Rule 56.1 response a copy of a grievance dated August 26, 2008. *Id.*, Pl's Exh. 3.[1] The grievance does not contain a response, and Plaintiff indicated that he did not appeal or otherwise follow up with the grievance. R. 35-2, Pl. Depo., 63-64.

### III. DISCUSSION

The Prisoner Litigation Reform Act requires that, "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other federal law, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. Under § 1997e's exhaustion requirement, no prisoner "is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Even if the prisoner is requesting relief that was unavailable in the administrative system, such as money damages, he must still exhaust available administrative remedies. *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

Exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford*, 548 U.S. at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the prison

---

[1] Although the grievance submitted by Plaintiff contains two dates on it, August 31, 2007, and August 26, 2008 (R. 48, Pl. Rule 56.1, Exh. 3), it is clear from Plaintiff's Rule 56.1 response and his deposition that he filed it in August 2008. He stated in his Rule 56.1 response that he waited almost a year to file a grievance because he feared retaliation. *Id.*, ¶ 25. Also, he testified in his deposition that he filed the grievance a year after the August 31, 2007, incident. R. 35-2, Exh. 1, Pl. Depo., 58.

grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d at 809; *see also Woodford v. Ngo*, 548 U.S. at 90.

The Defendants submitted with their summary judgment motion an affidavit from John Mueller, Assistant Administrator of Program Services for the Cook County Department of Corrections. R. 35-4, Exh. 3. Mueller states that a grievance system existed at the Cook County Jail from 2007 to 2009. *Id.* Although the Defendants did not include a copy of the General Order addressing the grievance system in effect in 2007, General Order 14.5 has been submitted to this court in other cases. *See Cooper v. Rothstein*, No. 04 C 8164, 2007 WL 1452989, 1 (N.D. Ill. 2007) (discussion of General Order 14.5's sections); *see also Brame v. Rodriguez*, No. 07 C 6969, docket entry 70-5, Exh. 3 (copy of General Order 14.5). General Order 14.5, Section III.B.2 states that an inmate should file his grievance within 15 days of the incident that is the subject of the grievance. Section III.B.10 states that all grievances should be addressed by the Correctional Rehabilitation Worker within 30 days after it is filed. If a grievance is not resolved during that time, the CRW is supposed to inform the Superintendent. *Id.*

In this case, assuming the facts in Plaintiff's favor, he filed two grievances – one in August 2008, a year after the incident, and another sometime before then. He does not remember when he filed the first grievance, but he believed it was lost. R. 58-2, Pl's Depo., 58-65. Assuming that he submitted the first grievance in a timely manner, Plaintiff waited ten to eleven months before filing a second grievance. Between September 2006 and October 2008, he filed at least 24 grievances – nine before August 31, 2007, and fifteen after. *Id.*, 56-57. Plaintiff was familiar with the grievance process. *Id.* Plaintiff had "followed up" with unanswered grievances, and on at least one occasion, he filed a grievance about not getting a response to a previously-filed grievance. *Id.*, 59. However, with respect

to the August 31, 2007, incident, Plaintiff filed a grievance some time after the incident, did not get a response and believed it was lost, did not follow up on the grievance, and did not file another grievance until August 2008. *Id.*, 62-63.

Although a prison official's failure to respond to a grievance may render administrative remedies "unavailable," *see Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005), such was not the situation in this case. In *Brengettcy,* prison officials failed to respond to many grievances. In the instant case, Plaintiff was experienced with filing grievances at the Cook County Jail and had done so no less than 24 times in a two-year period. He had experience with grievances sometimes getting lost and had filed follow-up grievances. Nevertheless, after he allegedly filed a grievance about the August 31, 2007, incident, and believing that it was lost, he waited until August 2008 to file another grievance. He cites as his reason for the August 2008 grievance not inaction by Cook County Jail officials, but rather, fear of retaliation, *see* R. 48, ¶ 25, which is completely belied by his admission that he filed numerous grievances regarding other incidents.

Given Plaintiff's experience and inaction, the court cannot conclude that he "had done all that he could do," *Brengettcy*, 423 F.3d at 682, to exhaust his administrative remedies for his current § 1983 claims or that Cook County Jail officials in this case "exploit[ed] the exhaustion requirement through indefinite delay in responding to grievances," *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Instead, the record shows that Plaintiff was fully aware how to exhaust his administrative remedies and that he allowed an inordinate amount of time to elapse without following up or appealing after his initial grievance was lost. Plaintiff did not give the Cook County Jail "a fair and full opportunity to adjudicate [his] claims." *Woodford v. Ngo*, 548 U.S. at 90; *see also Pozo*, 286 F.3d at 824. The court therefore concludes that Plaintiff has not exhausted administrative remedies.

## IV. CONCLUSION

For the reasons stated above, the Defendant's motion for summary judgment is granted. ~~Plaintiff's complaint is dismissed without prejudice for failure to exhaust administrative remedies.~~ sbc

ENTER: *Suzanne B. Conlon*
Suzanne B. Conlon
United States District Court Judge

DATE: November 29, 2010